UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24020-CIV-DPG

ALFONSO SANCHEZ and all others similarly
situated under 29 U.S.C. 216(b),

        Plaintiff,
v.

MORRIS HATCHERY, INC.,
EDWARD G. MORRIS,

        Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, MORRIS HATCHERY, INC. ("Morris Hatchery") and EDWARD G. MORRIS, answer Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff purports to bring this lawsuit pursuant to 29 U.S.C. § 201, *et seq.* ("Fair Labor Standards Act" or "FLSA"), but deny Plaintiff or any alleged similarly situated individuals are entitled to any relief or damages.

2. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph No. 2 of the Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Whether Edward G. Morris was Plaintiff's employer as defined by the FLSA is a legal conclusion which does not require an admission or denial. To the extent that a response is required, Defendants deny said allegation. Defendants admit that Edward G. Morris is a corporate officer and/or owner and/or manager of Morris Hatchery. Defendants deny the remaining allegations set forth in Paragraph No. 4 of the Complaint.

5. Defendants admit venue is proper in Dade County but deny the remaining allegations set forth in Paragraph No. 5 of the Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLAITON

6. Defendants admit that Plaintiff purports to form a collective action with respect to alleged similarly situated individuals, but deny any such similarly situated individuals and further deny that Plaintiff or any alleged similarly situated individuals are entitled to any relief or damages.  Defendants deny the remaining allegations set forth in Paragraph No. 6 of the Complaint.

7. Defendants admit this Court's jurisdiction over this action.

8. The provisions of the FLSA speak for themselves, and the allegations set forth in Paragraph No. 8 of the Complaint do not require an admission or denial.  To the extent that a response is required, Defendants deny said allegations.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. The allegations set forth in Paragraph No. 10 of the Complaint state legal conclusions which require neither an admission nor a denial.  To the extent that a response is required, Defendants deny these allegations.

11. The allegations set forth in Paragraph No. 11 of the Complaint state legal conclusions which require neither an admission nor a denial.  To the extent that a response is required, Defendants deny these allegations.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

Greenberg Traurig, P.A.   ■   333 S.E. 2nd Avenue, Suite 4400   ■   Miami, Florida 33131   ■   Tel 305.579.0500   ■   Fax 305.579.0717   ■   www.gtlaw.com

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

In response to the *ad damnum* clause immediately following Paragraph No. 16 of the Complaint, Defendants deny that Plaintiff or any other alleged similarly situated individuals are entitled to any relief or damages, whatsoever. Further, Defendants respectfully demand: (1) that Plaintiff take nothing by way of his Complaint, (2) that final judgment be entered in favor of Defendants, (3) that Defendants be awarded their costs and attorneys' fees incurred in defending this action, and (4) any such other relief as this Court deems just and proper.

## GENERAL DENIAL

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's introductory paragraph, headings, "wherefore" clause, and demands for relief. Defendants expressly reserve their right to seek to amend and/or supplement their Answer as may be necessary.

## DEMAND FOR TRIAL BY JURY

Defendants deny that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. To the extent that Plaintiff establishes any failure to pay wages owed, Plaintiff is not entitled to liquidated damages because any acts or omissions by Defendants giving rise to this action were taken in good faith, and Defendants had, and have had, reasonable grounds for believing that its acts or omissions, if any, were not in violation of the FLSA.

3

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

3. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations (including but not limited to 29 C.F.R. § 778.114), orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices.

4. Plaintiff has waived and/or is estopped from asserting FLSA claims to the extent they are based on an alleged failure to pay wages because he did not timely advise Defendants of any alleged mistakes in payment, underpayment, or failure by Defendants to adhere to agreed-upon compensation, or because he has already received all the compensation to which he is entitled under the FLSA.

5. Plaintiff's claims for unpaid wages are barred because Defendants did not suffer or permit the alleged hours to be worked.

6. Plaintiff is not entitled to recover any alleged unpaid wages for any periods of time which were *de minimis*.

7. To the extent Plaintiff's claims are barred, either in whole or in part, by any applicable limitations period, Plaintiff is precluded from recovering on those claims.

8. Plaintiff's claims are barred by the statute of limitations for non-willful actions to the extent the Complaint is based upon conduct which occurred more than two (2) years before the filing of the Complaint.

9. Any acts or omissions by Defendants were not willful. Nevertheless, to the extent the Complaint is based upon conduct which occurred more than three (3) years before the filing

4

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

of the Complaint, Plaintiff's claims are barred by the statute of limitations for willful actions.

10. To the extent Plaintiff's claims are barred, either in whole or in part, by failure to fulfill a condition precedent, Plaintiff is precluded from recovering on those claims.

11. Without admitting that Plaintiff is entitled to any damages, Defendants are entitled to a set-off for any monies Plaintiff was overpaid.

12. Plaintiff is not entitled to an award of pre-judgment interest even if he prevails on any or all of his claims.

13. Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment and/or unclean hands.

14. Defendants assert that Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

15. Plaintiff is not an adequate representative for the putative collective action class, and lacks standing to assert his claims on behalf of the putative class.

16. Plaintiff cannot satisfy the requirements for a collective action.

17. Plaintiff has not adequately defined the putative class members and no such individuals are similarly situated to Plaintiff.

18. Plaintiff's claims are barred, in whole or in part, to the extent Defendants had adequate and appropriate time keeping policies and practices, and Plaintiff failed to comply with same.

19. Plaintiff's claims are barred, in whole or in part, to the extent that the work he performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.,* including those exemptions contained in Section 13(a) and/or (b) of the

5

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

FLSA.

20. Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed, Defendants reserve their right to supplement this Answer and Statement of Defenses as discovery proceeds to affirmatively plead any additional defenses that may become applicable to this action.

Dated: January 16, 2018

Respectfully submitted,

GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue
Suite 4400
Miami Florida  33131
Telephone: (305) 579-0516
Facsimile:  (305) 579-0717
Email: martinpa@gtlaw.com

By: *s/ Patrick F. Martin*
     PATRICK F. MARTIN
     Florida Bar No. 998729

6

Greenberg Traurig, P.A.  ■  333 S.E. 2nd Avenue, Suite 4400  ■  Miami, Florida 33131  ■  Tel 305.579.0500  ■  Fax 305.579.0717  ■  www.gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                  *s/ Patrick F. Martin*
                                                                PATRICK F. MARTIN

7

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

8

**SERVICE LIST**
*Alfonso Sanchez v. Morris Hatchery, Inc., et al.*
Case No. 17-cv-24020-DPG
United States District Court, Southern District of Florida

| | |
|---|---|
| **Neil Tobak**<br>ntobak.zidellpa@gmail.com<br>**Rivkah Fay Jaff**<br>Rivkah.Jaff@gmail.com<br>**Jamie H. Zidell**<br>zabogado@aol.com<br>J.H. ZIDELL, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, Florida  33141<br>Telephone: (305) 865-6766<br>Facsimile:  (305) 865-7167<br><br>*Counsel for Plaintiff, Alfonso Sanchez* | |